94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Salvador GARCIA, Petitioner-Appellant,
v.
Ivalee HENRY, Warden; Attorney General, State of
California, Respondents-Appellees.
 No. 96-15079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Salvador Garcia, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Garcia contends that he is entitled to habeas relief because his conviction for firearm possession in violation of California Penal Code section 12022(c) was not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Marineau v. Angelone, 25 F.3d 734, 738 (9th Cir.1994), and affirm.
 
 BACKGROUND
 
 3
 According to the relevant evidence adduced at trial, Garcia was seated in the rear passenger seat of a Buick as he and two codefendants drove into a restaurant parking lot. Garcia and his codefendants entered the restaurant and shortly thereafter, Garcia returned to the parking lot, approached a narcotics informant, and brought the informant back to the Buick. Garcia then leaned into the passenger side of the Buick and retrieved a pound of methamphetamine which he offered for sale. Officers arrested Garcia and subsequently caught his two codefendants as they were driving away in the Buick. Police discovered a semi-automatic handgun under the right front passenger seat of the Buick.
 
 
 4
 Shortly after his arrest, Garcia was interviewed by an officer who did not know that a handgun had been discovered in the Buick. Although the officer did not mention the word "gun," Garcia asked, "Gun? I don't know anything about a gun."
 
 DISCUSSION
 
 5
 Garcia contends that the evidence was insufficient to support the jury's finding that he was personally armed within the meaning of section 12022(c) in connection with counts one and two, transportation of methamphetamine (Cal.Health & Safety Code § 11379) and possession of methamphetamine for sale (Cal.Health & Safety Code § 11378), respectively. We disagree.
 
 
 6
 "A state prisoner may ... be entitled to federal habeas relief if he can show that the evidence adduced at trial was such that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Martineau, 25 F.3d at 738 (citing Jackson v. Virginia, 443 U.S. 307, 324 (1979)).
 
 
 7
 A person is personally armed within the meaning of section 12022(c) when he knowingly carries the weapon or has it available for his offensive or defensive use. See People v. Bland, 898 P.2d 391, 395 (Cal.1995); People v. Mendival, 3 Cal.Rptr.2d 566, 574 (Cal.Ct.App.1992). Section 12022(c) is not limited to one individual if more than one person has the firearm available for their ready use. Mendival, 3 Cal.Rptr.2d at 574-75. The issue to be resolved by the jury is whether the position of the firearm rendered it available for offensive or defensive use to only one or more participants. Id.
 
 
 8
 Here, the police found a loaded gun under the front passenger seat. Garcia rode in the back seat directly behind the front passenger seat when the Buick arrived at the parking lot. Thereafter, Garcia approached the Buick alone and leaned into the passenger side to retrieve the methamphetamine for sale. In a police interview, Garcia revealed his knowledge of the gun's existence. Given these facts, a rational trier of fact could have found that Garcia knew the gun was in the car and that Garcia had ready access to the gun during the commission of the drug offenses. See Mendival, 3 Cal.Rptr.2d at 574-75.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has jurisdiction because Garcia placed his notice of appeal in the prison mail system within the thirty days specified in Fed.R.App.P. 4(a). See Houston v. Lack, 487 U.S. 266, 276 (1988)